Filed 10/1/14  P. v. Piar CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>HEATHER ELIZABETH PIAR,<br><br>    Defendant and Appellant. | 2d Crim. No. B255130<br>(Super. Ct. No. 2011042355)<br>(Ventura County) |

Heather Elizabeth Piar appeals from the judgment entered after she pled guilty to possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)). The trial court reduced the offense to a misdemeanor pursuant to Penal Code section 17, subdivision (b), suspended the imposition of sentence, and placed appellant on three years' formal probation with terms and conditions (Pen. Code, § 1210.1).  Appellant contends the court erred in denying her motion to suppress under Penal Code section 1538.5.  We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND[1]

Shortly after noon on December 2, 2011, Simi Valley Police Officer Shawn Throckmorton and his partner were on patrol.  Throckmorton had more than six years of law enforcement experience.  Throckmorton was driving on Los Angeles Avenue near

---

[1] The cited facts were presented at the preliminary hearing.

Tapo Canyon when the sound of a very loud muffler drew his attention to a black Hyundai Tiburon. The Tiburon had just turned from Darrah onto Los Angeles Avenue. The noise could be heard from two or three hundred feet away.[2] Throckmorton also noticed that the Tiburon's muffler was larger and rounder than an ordinary muffler, and appeared to be an after-market part. He suspected the driver was operating the Tiburon with an exhaust system that had been modified to produce excessive engine noise, in violation of Vehicle Code section 27151, subdivision (a).[3]

Throckmorton followed the Tiburon and ran its license plate. He learned that its registered owner, appellant, was on probation and subject to search conditions.[4] He stopped the Tiburon and asked the driver for her name and her driver's license. When asked, appellant admitted she was on probation. Throckmorton searched the Tiburon and

[2] The record contains inconsistent references regarding the distance from which the Tiburon could be heard. Throckmorton testified it "was so loud that you could hear it from probably two to three feet away." The court stated, "[h]e said . . . it could be heard from two to three feet away." Appellant's counsel concurred, but also repeatedly argued that Throckmorton made a "conclusionary statement . . . that he could hear it two to three hundred feet away." Although the record does not disclose the distance between Darrah and Tapo Canyon, we have taken judicial notice of the official street map of the City of Simi Valley. In accordance with Evidence Code section 459, subdivisions (c) and (d), the parties have been given notice and an opportunity to be heard on the issue of judicial notice of the map. (*Planned Parenthood Shasta-Diablo, Inc. v. Williams* (1995) 10 Cal.4th 1009, 1021, fn. 2.) Darrah intersects with Los Angeles Avenue 0.3 miles from its intersection with Tapo Canyon.

[3] All further statutory references are to the Vehicle Code unless otherwise stated.

[4] The parties stipulated that appellant was on probation, with various terms and conditions, including her agreement to "consent to a search of [her] person, vehicle, . . . or any other personal or real property under [her] control for controlled substances . . . and related paraphernalia[] by a peace officer . . . at any time, with or without a search warrant, warrant of arrest, or reasonable cause."

2

found a glass pipe used for smoking methamphetamine. A female officer searched appellant and recovered a baggie that contained methamphetamine from her clothing.

At the preliminary hearing and the ensuing motions to suppress and dismiss the information (Pen. Code, §§ 1538.5 & 995), appellant moved to suppress the methamphetamine and the glass pipe contending that she had been unlawfully detained. All motions were denied.

DISCUSSION

Appellant contends that her traffic stop violated the Fourth Amendment because the officer lacked a reasonable suspicion that she was violating the law. We disagree.

In reviewing the denial of a suppression motion, we must resolve all factual conflicts in the manner most favorable to the trial court's ruling. (*People v. Lomax* (2010) 49 Cal.4th 530, 563.) We defer to the court's express and implied findings if supported by substantial evidence, yet exercise our independent judgment in determining whether the challenged search or seizure is lawful based on those facts. (*Ibid.*; *People v. Woods* (1999) 21 Cal.4th 668, 673-674.)

A detention is reasonable and thus lawful "'. . . when the detaining officer can point to specific articulable facts that, considered in light of the totality of the circumstances, provide some objective manifestation that the person detained may be involved in criminal activity.' [Citation.]" (*People v. Hernandez* (2008) 45 Cal.4th 295, 299.) An officer may stop a motorist if the stop is based on a reasonable suspicion that the driver has violated the Vehicle Code. (*People v. Bennett* (2011) 197 Cal.App.4th 907, 912-913.)

In denying the suppression motion, the preliminary hearing magistrate necessarily concluded that Throckmorton had reasonably suspected that appellant was violating section 27151, subdivision (a), which prohibits modification of "the exhaust

3

system of a motor vehicle in a manner which will amplify or increase the noise emitted by the motor of the vehicle so that [it] is not in compliance with [statutory noise limits]." (*Ibid.*)  It further provides that "No person shall operate a motor vehicle with an exhaust system so modified."  (*Ibid.*)

Throckmorton articulated facts sufficient to support a reasonable suspicion that appellant was driving a car with an exhaust system that had been modified to exceed statutory noise limits, in violation of section 27151.  He heard the Tiburon before he saw it.  He observed that its muffler was larger and rounder than an ordinary muffler.  (*People v. Valencia* (1993) 20 Cal.App.4th 906, 909, 912-913 [officer lawfully stopped a vehicle for suspicion of violating section 27150 after hearing its "loud exhaust"].)[5]

We also reject appellant's claim that her detention and the ensuing searches violated the Fourth Amendment.  Officer Throckmorton testified he conducted the search because he knew that appellant was on probation, a fact he had learned prior to the detention.  (*People v. Medina* (2007) 158 Cal.App.4th 1571, 1575-1576.)  "Warrantless searches are justified in the probation context because they aid in deterring further offenses by the probationer and in monitoring compliance with the terms of probation. [Citations.]"  (*People v. Robles* (2000) 23 Cal.4th 789, 795.)  A police officer may search a probationer with a search condition without any reasonable suspicion of criminal activity, so long as the search is not undertaken for harassment or for arbitrary or capricious reasons or in an unreasonable manner.  (*Medina, supra,* at pp. 1575-1576.)  Before Throckmorton stopped the Tiburon, he knew appellant was on probation with a

---

[5] "Every motor vehicle subject to registration shall at all times be equipped with an adequate muffler in constant operation and properly maintained to prevent any excessive or unusual noise . . . ."  (§ 27150, subd. (a).)

search condition.  (*Ibid.*)  The motion to suppress was properly denied.

## DISPOSITION

The judgment is affirmed.

<u>NOT TO BE PUBLISHED.</u>

PERREN, J.

We concur:

GILBERT, P. J.

YEGAN, J.

5

Donald D. Coleman, Judge

Superior Court County of Ventura

_____

Angelina Borrello, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Lance E. Winters, Senior Assistant Attorney General, Victoria B. Wilson, Supervising Deputy Attorney General, Idan Ivri, Deputy Attorney General, for Plaintiff and Respondent.